UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

**CHAPTER 13 PLAN**

In Re: Thomas M. Crooks

Dated: June 23, 2004
Bkry Case No: 04-43528

DEBTOR

In a joint case, debtor means debtors in this plan.

1. **PAYMENTS BY DEBTOR** –
   a. As of the date of this plan, the debtor has paid the trustee $None.
   b. After the date of this plan, the debtor will pay the trustee $100 per month for 36 months, beginning within 30 days after the filing of this plan for a total of $3,600
   c. The debtor will also pay the trustee None.
   d. The debtor will pay the trustee a total of $3,600 [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** - The trustee will make payments only to creditors for which proofs of claim have been filed, make payments monthly as available, and collect the trustee's percentage fee of 10% for a total of $327 [line 1(d) x .10] or such lesser percentage as may be fixed by the Attorney General. For purposes of this plan, month one (1) is the month following the month in which the debtor makes the debtor's first payment. Unless ordered otherwise, the trustee will not make any payments until the plan is confirmed. Payments will accumulate and be paid following confirmation.

3. **PRIORITY CLAIMS** - The trustee shall pay in full all claims entitled to priority under § 507, including the following. The amounts listed are estimates only. The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $1,144 | $91 | 1 | 13 | $1,144 |
| b. | | $ | $ | | | $ |
| c. | | $ | $ | | | $ |
| d. | | $ | $ | | | $ |
| e. | TOTAL | | | | | $1,144 |

4. **LONG-TERM SECURED CLAIMS NOT IN DEFAULT** - The following creditors have secured claims. Payments are current and the debtor will continue to make all payments which come due after the date the petition was filed directly to the creditors. The creditors will retain their liens.
   a. NONE
   b.

5. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5)]** - The trustee will cure defaults on claims secured only by a security interest in real property that is the debtor's principal residence as follows. The debtor will maintain the regular payments which come due after the date the petition was filed. The creditors will retain their liens. The amounts of default are estimates only. The trustee will pay the actual amounts of default.

| | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | $ | $ | | | $ |
| b. | | $ | $ | | | $ |
| c. | | $ | $ | | | $ |
| d. | TOTAL: | | | | | $ None |

6. **OTHER LONG-TERM SECURED CLAIMS IN DEFAULT [§ 1322 (b)(5)]** - The trustee will cure defaults (plus interest at the rate of 8 per cent per annum) on other claims as follows and the debtor will maintain the regular payments which come due after the date the petition was filed. The creditors will retain their liens. The amounts of default are estimates only. The trustee will pay the actual amounts of default.

| | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | $ | $ | | | $ |
| b. | | $ | $ | | | $ |
| c. | TOTAL | | | | | $ None |



Local Form 602 (required by Local Rule 602)
Rev 4/7/94

04-43528

7. **OTHER SECURED CLAIMS [§ 1325(a)(5)]** - The trustee will make payments to the following secured creditors having a value as of confirmation equal to the allowed amount of the creditor's secured claim using a discount rate of 8 percent. The creditor's allowed secured claim shall be the creditor's allowed claim or the value of the creditor's interest in the debtor's property, whichever is less. The creditors shall retain their liens. NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM UNDER 11 U.S.C. § 506(a).

| Creditor | Claim Amount | Secured Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | $ | $ | $ | | | $ |
| b. | $ | $ | $ | | | $ |
| c. | $ | $ | $ | | | $ |
| d. | $ | $ | $ | | | $ |
| e. | $ | $ | $ | | | $ |
| f. TOTAL | | | | | | $ None |

8. **SEPARATE CLASS OF UNSECURED CREDITORS** - In addition to the class of unsecured creditors specified in ¶ 9, there shall be a separate class of nonpriority unsecured creditors described as follows: None
   a. The debtor estimates that the total claims in this class are $ None
   b. The trustee will pay this class $ None

9. **TIMELY FILED UNSECURED CREDITORS** - The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 5, 6, 7, and 8 their pro rata share of approximately $2,129 [line 1(d) minus lines 2, 3(e), 5(d), 6(c), 7(f), and 8(b)].
   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 7 are $None.
   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 7 and ¶ 8) are $4,263
   c. Total estimated unsecured claims are $4,263 [line 9(a) | line 9(b)].

10. **TARDILY-FILED UNSECURED CREDITORS** - All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 5, 6, 7, 8, or 9 shall be paid to holders of nonpriority unsecured claims for which proofs of claim forms were tardily filed.

11. **OTHER PROVISIONS** - The trustee may distribute funds not allocated above at his discretion. The tax authorities including the federal government, state revenue and property taxes shall be paid per claim whether filed as priority or secured. The plan shall allow debtors current child support obligation to be paid through payroll deduction, and the back child support obligation shall be paid in full inside the plan. All child support debt classified as non-priority shall be paid in full by the Trustee, as a separate class. Upon the completion of payment of the secured portion of any claim, the property securing said claim shall vest in the debtor(s) free and clear of any lien, claim or interest of the secured creditor, and the secured creditor shall execute whatever documents necessary to release the lien on title to security.

12. **SUMMARY OF PAYMENTS** –

    Trustee's Fee [Line 2]..................................................................................$327
    Priority Claims [Line 3(e)]...........................................................................$1,144
    Home Mortgage Defaults [Line 5(d)]........................................................$None
    Long-Term Debt Defaults [Line 6(c)].........................................................$None
    Other Secured Claims [Line 7(f)]................................................................$None
    Separate Class [Line 8(b)]..........................................................................$None
    Unsecured Creditors [Line 9]....................................................................$2,129
    **TOTAL [must equal Line 1(d)]**................................................................**$3,600**

*Insert Name, address, Telephone and License Number of Debtor's Attorney*
Robert J. Hoglund     #210997
P.O. Box 130938
Roseville, Minnesota 55113

(651) 628-9929

Signed /e/ Thomas M. Crooks
DEBTOR

Signed /e/ _____
DEBTOR (if joint case)

Local Form 602 (required by Local Rule 602)
Rev 4/7/94

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 0864-4          User: user38              Page 1 of 1              Date Rcvd: Jun 24, 2004
Case: 04-43528                Form ID: #02              Total Served: 14


The following entities were served by first class mail on Jun 26, 2004.
db       +THOMAS M CROOKS,    3017 LONGFELLOW LANE,    MOUND, MN 55364-8551
aty      +ROBERT J HOGLUND,    PO BOX 130938,    ROSEVILLE, MN 55113-0019
tr       +JASMINE Z KELLER,    12 S 6TH ST STE 310,    MINNEAPOLIS, MN 55402-1521
5939246   CURTIS K WALKER,    4356 NICOLLET AVE S,    MINNEAPOLIS MN 55409-2033
5939247  +FIRST CONSUMERS NATIONAL BANK,    PO BOX 939019,    SAN DIEGO CA 92193-9019
5939248   FIRST NATIONAL BANK OF MARIN,    PO BOX 80015,    LOS ANGELES CA 90080-0015
5939252   HENNEPIN COUNTY SHERIFF,    HENNEPIN COUNTY COURTHOUSE,    MINNEAPOLIS MN 55415
5939249   HOUSEHOLD BANK,    PO BOX 5222,    CAROL STREAM IL 60197-5222
5939255  +MN DEPT OF REVENUE,    BANKRUPTCY SECTION,    PO BOX 64447,    ST PAUL MN 55164-0447
5939254  +STATE OF MINNESOTA,    DEPT OF MANPOWER SERVICES,    390 N ROBERT ST,    ST PAUL MN 55101-1812
5939250   T-MOBILE,    PO BOX 790047,    SAINT LOUIS MO 63179-0047
5939253  +UNITED STATES TRUSTEE,    1015 US COURTHOUSE,    300 S 4TH ST,    MINNEAPOLIS MN 55415-3070
5939256  +US ATTORNEY,    600 US COURTHOUSE,    300 S 4TH ST,    MINNEAPOLIS MN 55415-3070
5939251  +X-CEL ENERGY,    PO BOX 840,    DENVER CO 80201-0840

The following entities were served by electronic transmission.
NONE.                                                                                          TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Jun 26, 2004**        Signature:  *Joseph Speetjens*